**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:26-cv-27076**

IVAN RADIC,

Plaintiff,

v.

PALM AUTOMART SALES, INC D/B/A "MAGIC TOUCH", a Florida Corporation and VISIBLE WEBS TOV D/B/A "VISIBLE WEBS", a Ukranian unregistered business entity,

Defendants.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff IVAN RADIC by and through his undersigned counsel, brings this Complaint against Defendant PALM AUTOMART SALES, INC D/B/A "MAGIC TOUCH" and Defendant VISIBLE WEBS TOV D/B/A "VISIBLE WEBS" for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff IVAN RADIC ("Radic") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §106, to copy and distribute Radic's original copyrighted Work of authorship.

2. Radic has been a professional photographer since 2017. Radic works with many different clients and focuses on different styles of photography.

3. Defendant PALM AUTOMART SALES, INC D/B/A "MAGIC TOUCH" ("Magic Touch") is an auto body and collision repair shop that provides services such as dent

repair, auto painting, frame straightening, and insurance claim assistance to restore damaged vehicles to their pre-accident condition. At all times relevant herein, Magic Touch owned and operated the internet website located at the URL https://magictouchmiami.com/ (the "Website").

4. Defendant VISIBLE WEBS d/b/a "Visible Webs" ("Visible Webs") is a Ukraine-based digital marketing agency that provides search engine optimization (SEO), pay-per-click (PPC) advertising, and related content marketing services to businesses and other marketing agencies. Its services are focused on increasing clients' online visibility, website traffic, search rankings, and customer leads.

5. Hereinafter, Magic Touch and Visible Webs are collectively referred to as the "Defendants."

6. Radic alleges that Defendants copied Radic's copyrighted Work from the internet in order to advertise, market and promote their business activities. Defendants committed the violations alleged in connection with their business for purposes of advertising and promoting sales to the public in the course and scope of the Defendants business.

**<u>JURISDICTION AND VENUE</u>**

7. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

8. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9. Magic Touch is subject to personal jurisdiction in Florida.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in this district.

11. This Court has personal jurisdiction over Visible Webs pursuant to Fla. Stat. § 48.193, because Visible Webs contracted to provide services to Magic Touch, a Florida

corporation, committed the acts giving rise to this Third-Party Complaint while performing services directed into the State of Florida, and caused injury to Magic Touch in this State.

**DEFENDANTS**

12. PALM AUTOMART SALES, INC d/b/a MAGIC TOUCH is a Florida Corporation, with its principal place of business at 10801 NW 7th Avenue, Miami, FL 33168, and can be served by serving its Registered Agent, Joe A. Catarineau at 8000 SW 117 Avenue, Suite 204, Miami, FL 33183.

13. VISIBLE WEBS d/b/a "Visible Webs" is, upon information and belief, an unregistered business entity operating out of Ukraine, with a business address of Ostrovs'koho St, 2 / 2, Kropyvnytskyi, 25000 Ukraine, doing business in this district and elsewhere through its principals and/or representatives, Marina Yarmoliuk and Alex E. Lankmiler.

**THE COPYRIGHTED WORK AT ISSUE**

14. In 2021, Radic created the photograph entitled "Close-up of a damaged part of a car near the fuel tank cover," which is shown below and referred to herein as the "Work."



15. Radic registered the Work with the Register of Copyrights on September 17, 2021 as part of a group registration. The Group Registration was assigned registration number VA 2-446-637. The Certificate of Registration is attached hereto as **Exhibit 1**.

16. At all relevant times Radic was the owner of the copyrighted Work.

## INFRINGEMENT BY DEFENDANTS

17. Defendants have never been licensed to use the Work for any purpose.

18. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

19. On or about October 11, 2023, Radic discovered the unauthorized use of his Work on the Website. Defendants used the Work on the Website in an article titled, “How to Stop Auto Body Rust.”

20. Defendants copied Radic's copyrighted Work without Radic's permission or authority.

21. After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of their regular business activities.

22. Defendants copied and distributed Radic's copyrighted Work in connection with Defendants’ business for purposes of advertising and promoting Defendants’ business, and in the course and scope of advertising and selling products and services.

23. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

24. Radic never gave Defendants permission or authority to copy, distribute or display the Work for any purpose.

25. Radic notified Defendants of the allegations set forth herein on August 07, 2025 and August 26, 2025. To date, the parties have failed to resolve this matter.

**COUNT I**
**DIRECT COPYRIGHT INFRINGEMENT**

26. Radic incorporates the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. Radic owns a valid copyright in the Work.

28. Radic registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

29. Defendants copied, displayed, and distributed the Work and made derivatives of the Work without Radic's authorization in violation of 17 U.S.C. § 501.

30. Defendants performed the acts alleged in the course and scope of their business activities.

31. Defendants' acts were willful.

32. Radic has been damaged.

33. The harm caused to Radic has been irreparable.

**COUNT II**
**VICARIOUS COPYRIGHT INFRINGEMENT**

34. Radic incorporates the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

35. Alternatively to Count I, to the extent the Court finds that the unauthorized copying, reproduction, display, and/or distribution of the Work alleged herein was carried out by Magic Touch's employees, agents, contractors, website service providers, or other third parties acting on Magic Touch's behalf or for its benefit, rather than directly by Magic Touch, Magic Touch is vicariously liable for such infringement.

36. At all relevant times, Magic Touch owned and operated the Website on which the Work was unlawfully displayed and exercised authority and control over the Website and the content published thereon.

37. Magic Touch retained and authorized third parties to provide website, content, advertising, and/or related services for Magic Touch, including the creation and publication of content on Magic Touch's Website.

38. In connection with providing such services for Magic Touch, one or more of Magic Touch's employees, agents, contractors, service providers, or other third parties copied, reproduced, displayed, and/or distributed Radic's copyrighted Work on Magic Touch's Website without Radic's authorization.

39. Magic Touch had the right and ability to supervise and control the infringing activity, including by controlling the content displayed on its Website and directing that content be approved, modified, rejected, or removed.

40. Magic Touch's right and ability to supervise and control the content appearing on its Website included the ability to direct its employees, agents, contractors, service providers, and/or other third parties concerning content published on the Website and to require the removal of unauthorized content.

41. Magic Touch exercised such supervisory authority with respect to the Work when, after receiving notice of Radic's copyright claim, it directed its website service provider to address the matter and remove the Work from the Website.

42. Magic Touch derived a direct financial benefit from the infringing activity because the Work was displayed as part of the commercial content on Magic Touch's Website

for the purpose of advertising, marketing, and promoting Magic Touch's automotive business and services to existing and prospective customers.

43. The unauthorized use and display of the Work enhanced and formed part of Magic Touch's commercial Website and promotional content, which was designed to attract visitors and prospective customers and promote the sale of Magic Touch's goods and services.

44. Accordingly, Magic Touch had both the right and ability to supervise and control the infringing activity and a direct financial interest in that activity.

45. Magic Touch failed to exercise its supervisory authority to prevent or stop the unauthorized copying, reproduction, display, and/or distribution of Radic's Work.

46. Magic Touch is therefore vicariously liable for the direct infringement of Radic's copyrighted Work committed by those acting on its behalf or for its benefit in connection with the operation, maintenance, and promotion of Magic Touch's Website.

47. Defendant's acts were willful.

48. Radic has been damaged.

49. The harm caused to Radic has been irreparable.

50. Upon information and belief, a third party committed copyright infringement when they copied, displayed, and made derivatives of the Work for purposes of promoting the services of Defendants.

51. Defendants have a direct financial interest in the infringing material because it derives profits from advertisement posted on Defendants' Website displaying the infringed Work.

52. Despite having the ability to stop the infringed Work from being displayed on the Website, Defendants allowed the materials to remain up for display for purposes of generating sales of the Infringed Work.

53. To the extent that the actions described above were performed by the third-party alone, Defendants are vicariously liable for the unauthorized copying, display, distribution, and creation of derivative works of the Work without Wright's authorization in violation of 17 U.S.C. § 501.

54. Radic has been damaged.

55. The harm caused to Radic has been irreparable.

WHEREFORE, the Plaintiff IVAN RADIC prays for judgment against the Defendants PALM AUTOMART SALES, INC D/B/A "MAGIC TOUCH" and VISIBLE WEBS TOV D/B/A "VISIBLE WEBS" that:

a. Defendants and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendants be required to pay Radic his actual damages and Defendants' profits attributable to the infringement, or, at Radic's election, statutory damages, as provided in 17 U.S.C. § 504;

c. Radic be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Radic be awarded pre- and post-judgment interest; and

e. Radic be awarded such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Radic hereby demands a trial by jury of all issues so triable.

Dated: October 8, 2026

Respectfully submitted,

*/s/ Sanje V. Lara*

SANJE V. LARA
Florida Bar Number: 1031680
sanje.lara@sriplaw.com
JOEL B. ROTHMAN
Florida Bar Number: 98220
Joel.rothman@sriplaw.com

**SRIPLAW, P. A.**
21301 Powerline Road
Suite 212
Boca Raton, FL 33433
786.743.0018 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Ivan Radic*